IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

FILED
2018 AUG -7 PM 4:24
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

BRIAN JERMAINE DODSON, #308329 )
)
    Plaintiff )
)
vs. )
) No.
CHERRY LINDAMOOD, Warden, )
    South Central Correctional Facility; )
    CORECIVIC, South Central )
    Correctional Facility; TENNESSEE )
    DEPARTMENT OF CORRECTION; )
    TENN. DEPT. OF CORRECTION )
    COMMISSIONER TONY PARKER; )
    TENN. DEPT. OF CORRECTION )
    MEDICAL DIRECTOR KENNETH )
    WILLIAMS; ASSISTANT WARDEN )
    BRYANT, South Central Correctional )
    Facility; MEDICAL DIRECTOR & )
    DOCTORS, South Central )
    Correctional Facility; TDOC DRS. )
    WILLIAM WILEY, J.D. SOLDO, )
    EDMUND LANE, DR. BUSH; DR. )
    RONALD HIGGS; John Does 1-100 )
)
    Defendants )

## COMPLAINT

1.     This is a complaint for declarative and injunctive relief filed pursuant to 28 U.S.C. §1331, 28 U.S.C. §2201, and 42 U.S.C. §1983.

2.     Plaintiff is an inmate at the South Central Correctional Facility in Clifton, Wayne County, Tennessee.

3.     Defendants, including Warden Cherry Lindamood, and all Defendants named in the caption of this matter are any and all persons and entities who have either individually or in concert been deliberately indifferent to the serious medical needs of Plaintiff, as outlined in this complaint. John Does are persons not known to Plaintiff.

4.     Defendants (with the exception of Dr. Edmund Lane) are, to the Plaintiff's

knowledge, residents of the Middle District of Tennessee, in which district this complaint is filed. See 28 U.S.C. §1391.

5. Plaintiff Brian J. Dodson, #308329, has been denied all necessary and appropriate medical care that he has needed and repeatedly requested for ongoing, severe, excruciating headaches that he has had for months and years, for vision problems which include such things as seeing black and/or fuzzy spots in his field of vision, and other physical ailments including severe pain throughout his body, including severe pain in his extremities, including his feet, which are going numb.

6. Plaintiff has been subjected to treatment and actions that violate his constitutional rights under the Eighth and Fourteenth Amendments, Article I §16 of the Tennessee Constitution, and Tennessee law.

7. In violation of the Eighth and Fourteenth Amendments to the United States Constitution, the Tennessee Constitution, and Tennessee law, Plaintiff is being and has been subjected to deliberate indifference to his serious medical needs and has been subjected to serious risks of substantial physical harm as a result of the ongoing failure of numerous officials (all Defendants named in the caption), including employees and medical personnel of the Tennessee Department of Correction and/or the Corrections Corporation of America, including the TDOC Commissioner, TDOC Medical Director, Warden Cherry Lindamood and Assistant Warden Bryant of the South Central Correctional Facility, Warden of the Morgan County Correctional Facility, any and all medical personnel who have failed to properly treat Plaintiff and/or failed to ensure proper treatment of Plaintiff, including but not limited to Dr. J.P. Soldo and Dr. Bush of the South Central Correctional Facility, medical personnel at TDOC Central Office, Dr. Edmund Lane (who was the doctor at Morgan County Correctional Facility, where Plaintiff was housed previously), the

2

personnel whom Dr. William Wiley informed in 2017 that Plaintiff has needed a thorough neurological examination (including Edmund Lane), and any and all persons who have been told to or in a position to properly treat Plaintiff but have refused to do so, and any and all persons known and unknown who have failed to properly investigate, to diagnose, to perform all necessary diagnostic testing (including comprehensive neurological testing), and to treat, using all appropriate medicines and modalities, Plaintiff's bodily pain and numerous physical ailments, which are painful, ongoing, and debilitating, as indicated herein.

8. For months and months, Plaintiff has been complaining to his attorney and to anyone at the prison that he can, that he suffers daily from severe headaches that he feels all throughout his head, and that he sees dark and/or fuzzy spots in his field of vision.

9. The pain is intense and ongoing and Plaintiff needs immediate relief from this suffering. He may have an aneurysm or brain tumor.

10. Plaintiff has not received medical treatment for these severe headaches despite ongoing requests for treatment and similar requests made by counsel.

11. Plaintiff was stabbed in the head and severely injured in August 2015 while at Riverbend Maximum Security Institution.

12. On April, 24, 2017, Plaintiff's federal habeas attorney sent an overnight letter to the Warden of Morgan County Correctional Facility requesting immediate treatment.

13. Plaintiff's federal habeas attorney was informed that Plaintiff needed to sign up for sick call, and counsel informed Plaintiff to do so, which Plaintiff did. Nothing happened.

14. On May 31, 2017, Plaintiff's federal habeas attorney again implored the warden to treat Plaintiff. Still nothing happened.

15. During the summer of 2017, Plaintiff's habeas counsel then spoke to Disability Rights Tennessee (a nonprofit organization) to try to get assistance for Plaintiff and one of their investigators visited him in late July/early August 2017.

16. Disability Rights Tennessee afterwards spoke to Dr. William Wiley at the downtown office of the Tennessee Department of Correction, and Dr. Wiley informed that Plaintiff would be recommended to be sent to the Department of Correction's Special Needs Facility (in Nashville) for treatment.

17. According to Plaintiff's medical records, on August 8, 2017, Dr. Wiley advised TDOC medical personnel (including Edmund Lane and/or Ronald Higgs) that Plaintiff was suffering from "chronic severe headaches," and that he need to receive "neurological and psychological intervention" and that need is urgent: "Consult urgent." See Exhibit 1.

18. That was nearly a year ago, and Plaintiff has been denied required medical assistance for many months and years now.

19. Afterwards, Plaintiff was informed by a nurse at Morgan County that Plaintiff was to be sent to the Special Needs Facility in Nashville.

20. In late August, 2017, Plaintiff was put on a transport bus, with Plaintiff assuming he was finally going to be taken to Special Needs and receive evaluation and treatment that he had so desperately requested.

21. When the bus got to the Special Needs Facility in Nashville, Plaintiff was getting ready to get off the bus, but much to his surprise, he was told that he was *not* being dropped at Special Needs.

22. Plaintiff was required to remain on the bus, and Plaintiff was then taken to the South Central Correctional Facility in Clifton, Tennessee, where Plaintiff has been in the custody of Warden Cherry Lindamood since August 21 or 22, 2017.

23. Plaintiff has repeatedly tried unsuccessfully to get medical treatment for his headaches and vision and other problems while at South Central.

24. Plaintiff has talked to the Warden, who has brushed him off saying that is up to medical. Plaintiff has talked to nurses. Plaintiff has only received excedrin, which does not stop the intense pain of the headaches.

25. On October 2, 2017, Plaintiff spoke to his habeas attorney and informed that Plaintiff had still received no medical attention. Plaintiff explained that it was just the same old thing. He was suffering (and was continuing to suffer) headaches, see spots in front of his eyes and shadows in the field of vision. Plaintiff explained to his habeas attorney that he was being tortured and desperately needed some relief. Plaintiff informed that it's every single day that he has been suffering headaches and vision problems and that he couldn't get any relief.

26. On October 3, 2017, Plaintiff's habeas attorney sent an overnight letter to Warden Lindamood, asking her to provide Plaintiff treatment. Still nothing happened.

27. On or about October 13, 2017, Plaintiff spoke with Assistant Warden Bryant, but the Assistant Warden still had not gotten Plaintiff any treatment.

28. Plaintiff spoke with a prison psychiatrist requesting medical treatment, but she told Plaintiff she didn't see anything wrong with him. Plaintiff asked how she could assess physical problems within his head by just looking at Plaintiff.

29. As Plaintiff explained to his habeas attorney on October 13, 2017: "I can't get no medical attention." "This is absurd." This is one big cover up.

30. On October 13, 2017, Plaintiff informed counsel that he was still dealing with excruciating headaches every day all over his head, and still seeing black spots.

31. Plaintiff also had a burn mark on his right foot and the back part of left inner

heel had been numb.

32. On October 16, 2017, Plaintiff spoke to Warden Lindamood (who informed that she had received Plaintiff's attorney's letter) and Assistant Warden Bryant, and they said that this was up to medical. They refused to order treatment.

33. On October 16, 2017, Plaintiff told his habeas attorney that he was constantly having headaches and that he was not supposed to have headaches every single day.

34. On October 20, 2017, Plaintiff was still having the same symptoms and was still in deep need of medical attention.

35. On October 26, 2017, Plaintiff still had not received medical attention for the same problems described. Plaintiff was still having the same pain.

36. On November 2, 2017, Plaintiff saw psychiatrist Ms. Steadman, who said she referred Plaintiff to a doctor, but Plaintiff still did not see a doctor.

37. On November 6, 2017, Plaintiff informed his habeas attorney that he was still having the same headaches and seeing black spots. Plaintiff spoke to the warden, but still didn't receive any medical treatment and signed up for sick call for a large lump on the left side of his head, which still to this day has not been properly evaluated or treated.

38. On November 8, 2017, Plaintiff spoke to a nurse, Ms. Robinson, who referred Plaintiff to an eye doctor and the regular doctor, and Plaintiff asked about pain medication, but she said she could only give it to Plaintiff for up to four days.

39. When Plaintiff went to get pain medication at the medication window, they said none had been prescribed. On November 9, 2017, Plaintiff's vision was still blurry and he was still seeing black spots. Plaintiff told his habeas attorney that the warden still wouldn't do anything and that "I'm up a creek without a paddle."

40. On November 13, 2017, personnel finally gave Plaintiff some pain medication,

excedrin, but it didn't help at all. Plaintiff felt a small amount of relief for maybe 5-10 minutes, but then the pain came back the same as ever. The excedrin wasn't helping.

41. As of November 16, 2017, Plaintiff still hadn't seen a doctor. The nurse said to sign up for sick call, and they told Plaintiff he was on the list to see a doctor, but Plaintiff still hasn't seen a doctor for the pain.

42. By November 20, 2017, Plaintiff was taking excedrin twice a day but still wasn't getting any relief. It wasn't doing anything. Nothing had changed. Plaintiff still wasn't seen by a doctor.

43. On November 21, 2017, Plaintiff told his habeas attorney that he was not doing well, still having severe headaches. Plaintiff told nurse Rich that there was something very wrong with Plaintiff and all she said was to sign up for sick call, but when Plaintiff has done so, he still hasn't been seen by a doctor for his pain and vision problems.

44. When Plaintiff has eaten prison food, within an hour or two, certain parts of his body start hurting real bad.

45. On November 27, Plaintiff spoke to the warden and told her that he was in need of immediate medical treatment and that he had done what he had been told to do, sign up for sick call. She said: "I'm not medical." Plaintiff told her he was not supposed to have headaches every day.

46. On November 28, 2017, Plaintiff told his habeas attorney that the pain in his head was 7½ or 8 on a scale of 10.

47. On December 1, 2017, Plaintiff talked with a nurse who said that she would try to get him seen by a doctor.

48. The pain in Plaintiff's head was, and is, unrelenting and will stop for maybe only 10-15 minutes a day.

7

49. By December 12, 2017, Plaintiff still had not seen a doctor. Again, within a few days or a week or so, Plaintiff spoke to the warden again telling her of his pain, and she looked at Plaintiff and rolled her eyes.

50. On January 2, 2018, Plaintiff spoke to a mental health counselor because he was still having pain which is continuous. Plaintiff was told by the counselor that "There is nothing I can do about it."

51. Plaintiff tried again to sign up for sick call by the end of the week. On January 8, 2018, Plaintiff requested sick call and a nurse practitioner said she would re-refer Plaintiff to an eye doctor, and he said he needed to be seen by the main doctor, but Plaintiff was still being given the run-around.

52. On January 10, 2018, nothing had changed. They still hadn't seen Plaintiff. His head was still hurting.

53. On January 17, 2018, nothing had change. Plaintiff was still having painful headaches all day long.

54. On January 24, 2018, nothing had changed. Plaintiff still hadn't been seen by any doctor, and Plaintiff's feet were going numb.

55. Plaintiff has been suffering severe headaches, as Plaintiff has for months and months. Plaintiff has been suffering pain throughout his body and into his feet which are numb. Plaintiff's vision is blurry and he sees black and/or fuzzy spots in his field of vision.

56. Plaintiff filed a grievance setting forth this deliberate indifference to his serious medical needs. His grievance was denied.

57. On February 7, 2018, Plaintiff did receive xrays and tylenol, but still suffered ongoing headaches.

58. Plaintiff did see an eye doctor in February, 2018, who said Plaintiff's problems

were not caused by his eyes.

59. By March 6, 2018, Plaintiff still had not seen a medical doctor for treatment of his headaches and pain, and his headaches had not gotten any better.

60. On March 12, 2018 and March 19, 2018, Plaintiff still had severe headaches.

61. On March 22, 2018, Plaintiff informed habeas counsel that his situation was not getting any better.

62. By May 1, 2018, Plaintiff's pain was still the same. Nothing had changed. And he had received no further treatment.

63. A new doctor, Bush, apparently took over as doctor at the South Central Correctional Facility as of early May, 2018, but Dr. Bush has not seen Plaintiff.

64. On or around May 23, 2018, a dentist ruled out Plaintiff's pain as being caused by his teeth.

65. On May 30, 2018, Plaintiff informed habeas counsel that "I am in pain right now. I'm constantly in pain. I'm not supposed to be having headaches."

66. By June , 2018, Plaintiff still had not been seen by Dr. Bush.

67. By June 28, 2018, Plaintiff still endured the same pain he has been enduring for years. Nothing has changed.

68. Plaintiff is in need of immediate, proper medical treatment for all of these ailments, and for an immediate neurological evaluation and follow-up treatment that was ordered by Dr. Wiley in 2017, but has continually been denied.

69. Plaintiff is in need of relief from the severe, excruciating pain that Plaintiff has been forced to endure, and treatment for any brain tumor, aneurysm, or any other ailment that he has and has been forced to endure.

70. In violation of the Eighth and Fourteenth Amendments and the Tennessee

Constitution, Defendants are and have been deliberately indifferent to Plaintiff's serious medical needs and deliberately indifferent to substantial risks of serious harm to Plaintiff.

71. Defendants should be ordered and required to provide any and all necessary diagnosis and treatment of Plaintiff's ailments and/or should be required to pay Plaintiff any and all appropriate damages for their actions.

CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, this Court should:

1. Declare and conclude that Defendants have violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth And Fourteenth Amendments, and that Defendants have been, and continue to be deliberately indifferent to his serious medical needs.

2. Order Defendants to provide Plaintiff with all necessary and appropriate diagnostic and treatment modalities to stop his ongoing and excruciating pain, including the full neurological workup and treatment ordered by Dr. Wiley in 2017.

3. Appoint counsel for Plaintiff to allow him to present his case fully to this Court.

4. Grant Plaintiff any and all relief which is just and fair and proper under the circumstances, including any and all appropriate damages.

5. Allow him to proceed *in forma pauperis*.

*[signature]*
Brian J. Dodson #308329
South Central Correctional Facility
555 Forrest Avenue
Clifton, Tennessee 38425

Exhibit 1

# PHYSICIAN'S ORDERS

NAME: Dodson, Brian
ROOM NO. (ADDRESS): MCCX
HOSP. NO.: 308329
PHYSICIAN: Dr Ronald Higgs

Date: 12/22/1979
Drug Allergies: NKDA

| Date & Time | Another brand of drug identical in form and content may be dispensed unless checked ☐ | DO NOT USE THIS SHEET UNLESS A RED NUMBER SHOWS → 2 | Nurse's Initials |
|---|---|---|---|
| 8/8/17 9:20 | Neurological evaluation Chronic severe headaches per advice of Dr Wileys this is for neurological and psychological intervention @ Special needs — consult urgent / Edmund Lane, MD  MCCX | | Noted [initials] 8·8·17 0935 ✓ |

Form 1206 BRIGGS, Des Moines, IA 50306 (800) 247-2343 www.BriggsCorp.com
PLEASE! USE BALL POINT PEN ONLY
PHYSICIAN'S ORDERS

## Certificate of Service

I certify that a copy of plaintiff's complaint and motion to proceed *in forma pauperis* were mailed via first-class mail to the following, on this the 7th day of August, 2018:

    Cherry Lindamood, Warden
    South Central Correctional Facility
    555 Forrest Avenue
    P. O. Box 279
    Clifton, Tennessee 38425

    CORECIVIC
    10 Burton Hills Boulevard
    Nashville, Tennessee 37215

    Tennessee Department of Correction
    320 Sixth Avenue North
    6th Floor
    Nashville, Tennessee 37243-0465

    Commissioner Tony Parker
    Tennessee Department of Correction
    320 Sixth Avenue North
    6th Floor
    Nashville, Tennessee 37243-0465

    Tennessee Department of Correction
    Medical Director Kenneth Williams
    320 Sixth Avenue North
    4th Floor
    Nashville, Tennessee 37243-0465

    Assistant Warden Bryant
    South Central Correctional Facility
    555 Forrest Avenue
    P. O. Box 279
    Clifton, Tennessee 38425

Medical Director & Doctors
South Central Correctional Facility
555 Forrest Avenue
P. O. Box 279
Clifton, Tennessee 38425

Dr. William Wiley, M.D.
Tennessee Department of Correction
320 Sixth Avenue North
6th Floor
Nashville, Tennessee 37243-0465

Dr. J.D. Soldo, M.D.
South Central Correctional Facility
555 Forrest Avenue
P. O. Box 279
Clifton, Tennessee 38425

Dr. Bush
South Central Correctional Facility
555 Forrest Avenue
P. O. Box 279
Clifton, Tennessee 38425

Edmund Lane, M.D.
Morgan County Correctional Facility
P. O. Box 2000
Wartburg, Tennessee 37887-2000

Dr. Ronald Higgs
Morgan County Correctional Facility
P. O. Box 2000
Wartburg, Tennessee 37887-2000

By: *[signature: Paul R. Bottei]*

On behalf of Brian Dodson, by
Office of the Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
Federal Habeas Corpus Counsel for
    Mr. Dodson

OFFICE OF THE
# FEDERAL PUBLIC DEFENDER
## MIDDLE DISTRICT OF TENNESSEE

HENRY A. MARTIN
FEDERAL PUBLIC DEFENDER

810 BROADWAY, SUITE 200
NASHVILLE, TENNESSEE 37203-3805
TELEPHONE: 615-736-5047
FAX: 615-736-5265

August 7, 2018

United States District Court for the
   Middle District of Tennessee
Office of the Clerk
801 Broadway
Nashville, Tennessee 37203

      Re: <u>Brian Jermaine Dodson v. Lindamood, et al.</u>, Complaint

To The Clerk:

Today, Mr. Dodson (*pro se*) is filing a complaint in this Court seeking relief for deliberate indifference to his serious medical needs. Our office has been appointed to represent Mr. Dodson in federal habeas corpus proceedings, and our office hereby provides the following additional information to assist the Court for the filing and processing of Mr. Dodson's complaint:

1. Mr. Dodson requests that this Court assign and/or appoint counsel for him so that he may fully prosecute this complaint in the Court. He is in need of counsel.

2. He has moved to proceed *in forma pauperis*. His signed motion includes his financial affidavit and trust fund account statement.

3. For purposes of service of process, including upon the granting of any motion to proceed *in forma pauperis*, we provide the names and addresses of the various defendants in this matter as follows. Courtesy copies of the complaint and motion to proceed *in forma pauperis* have been served this day on all such defendants via first class-mail:

Cherry Lindamood, Warden
South Central Correctional Facility
555 Forrest Avenue
P. O. Box 279
Clifton, Tennessee 38425

CORECIVIC
10 Burton Hills Boulevard
Nashville, Tennessee 37215

Tennessee Department of Correction
320 Sixth Avenue North
6th Floor
Nashville, Tennessee 37243-0465

Commissioner Tony Parker
Tennessee Department of Correction
320 Sixth Avenue North
6th Floor
Nashville, Tennessee 37243-0465

Tennessee Department of Correction
Medical Director Kenneth Williams
320 Sixth Avenue North
4th Floor
Nashville, Tennessee 37243-0465

Assistant Warden Bryant
South Central Correctional Facility
555 Forrest Avenue
P. O. Box 279
Clifton, Tennessee 38425

Medical Director & Doctors
South Central Correctional Facility
555 Forrest Avenue
P. O. Box 279
Clifton, Tennessee 38425

Dr. William Wiley, M.D.
Tennessee Department of Correction
320 Sixth Avenue North
6th Floor
Nashville, Tennessee 37243-0465

Dr. J.D. Soldo, M.D.
South Central Correctional Facility
555 Forrest Avenue
P. O. Box 279
Clifton, Tennessee 38425

Dr. Bush
South Central Correctional Facility
555 Forrest Avenue
P. O. Box 279
Clifton, Tennessee 38425

Edmund Lane, M.D.
Morgan County Correctional Facility
P. O. Box 2000
Wartburg, Tennessee 37887-2000

Dr. Ronald Higgs
Morgan County Correctional Facility
P. O. Box 2000
Wartburg, Tennessee 37887-2000

Very truly yours,

Paul R. Bottei
Sumter L. Camp
Assistant Federal Public Defenders