# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| BRIAN JERMAINE DODSON <br> #308329, <br><br> Plaintiff, <br><br> v. <br><br> CHERRY LINDAMOOD, et al., <br><br> Defendants | NO. 1:18-cv-00058 <br><br> JUDGE CAMPBELL |

## MEMORANDUM

Plaintiff Brian Jermaine Dodson, a state inmate confined in the South Central Correctional Facility (SCCF) in Clifton, Tennessee, filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983 and has been granted permission to proceed in forma pauperis. The complaint (Doc. No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

## I.   STANDARD OF REVIEW

28 U.S.C. § 1915(e)(2) requires the Court to conduct an initial review of any complaint filed in forma pauperis, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and

"held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To state a § 1983 claim, a plaintiff must allege: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that he has suffered from excruciating daily headaches accompanied by visual disturbances since at least sometime in April 2017, when he was housed at the Morgan County Correctional Facility (Morgan County). (Doc. No. 1 at 3.) Despite Plaintiff's signing up for sick call and his habeas attorney's repeated requests to Morgan County's Warden, "nothing happened." (*Id.*) At the request of habeas counsel, an investigator for the nonprofit group Disability Rights Tennessee visited Plaintiff in late July or early August 2017 and later spoke to Dr. William Wiley at Tennessee Department of Correction's (TDOC) headquarters in Nashville. (*Id.* at 4.) Dr. Wiley's response was that Plaintiff would be recommended for transfer to the Lois M. DeBerry Special Needs Facility (DeBerry) in Nashville for treatment. (*Id.*) On August 8, 2017, the following Physician's Order was issued regarding Plaintiff:

> Neurological evaluation chronic severe headaches per advice of Dr. Wiley. This is for neurological and psychological intervention @ Special Needs – consult urgent.

(*Id.* at 12.) The order reflected Plaintiff's location at Morgan County and that his physician was

Dr. Ronald Higgs, but it was signed by Dr. Edmund Lane, also at Morgan County. (*Id.*)

In late August 2017, Plaintiff was put on a transport bus, but instead of going to DeBerry, Plaintiff was transferred to SCCF. (Doc. No. 1 at 4.) Since Plaintiff arrived at SCCF, he has repeatedly spoken directly to Warden Lindamood and Assistant Warden Bryant about his pain and need for medical treatment, but they both responded that "this was up to medical" or "I'm not medical" or simply rolled their eyes. (*Id.* at 6, 7, 8.) On November 2, 2017, Plaintiff saw a psychiatrist who said she referred Plaintiff to a doctor, but he never saw a doctor. (*Id.* at 6.) On November 8, 2017, Plaintiff saw Nurse Robinson who referred him to an eye doctor and a regular doctor, but he never saw a regular doctor. (*Id.*) On December 1, 2017, another nurse said she would try to get Plaintiff seen by a doctor, but he was never seen. (*Id.* at 7.) Plaintiff has been seen by an eye doctor and a dentist, who ruled out his eyes and teeth as the causes of his headaches. (*Id.* at 8, 9.) He was also X-rayed in February 2018, but he does not say who ordered the X-ray or why or what, if anything, was revealed. (*Id.* at 8.) The complaint does not indicate that the X-ray led to any diagnosis or treatment plan for his condition.

Throughout his stay at SCCF, Plaintiff has repeatedly signed up for sick call without ever seeing a regular doctor, including Dr. Bush, who took over as facility doctor in May 2018. (Doc. No. 1 at 9.) He filed a grievance about his lack of medical care, which was denied. (*Id.* at 8.) The only pain relievers he has been provided are Tylenol and Excedrin, which are ineffective to relieve his severe pain. (*See id.* at 6–7.) His vision is blurry, his pain is severe and unrelenting, and it has extended down through his body to his feet, which are now numb. (*Id.* at 8.) He rates his pain as a 7.5 or 8 on a scale of 10. (*Id.* at 7.) Plaintiff fears that he has a tumor or aneurysm or other serious condition. (*Id.* at 9.)

Plaintiff names as Defendants: Doctors Lane and Higgs at Morgan County; Warden

Lindamood and Assistant Warden Bryant at SCCF; Doctors Soldo and Bush and other unnamed medical director and doctors at SCCF; Dr. Wiley at TDOC; TDOC Commissioner Tony Parker and Medical Director Kenneth Williams; TDOC itself; CoreCivic; and John Does 1–100. He claims that all Defendants "have either individually or in concert been deliberately indifferent" to his serious medical needs in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, Article I § 16 of the Tennessee Constitution, and Tennessee law. (Doc. No. 1 at 1–2.) He does not specify the capacity in which he sues any of the Defendants, but he seeks declaratory and injunctive relief, as well as "any and all appropriate damages." (*Id.* at 10.)

### III. ANALYSIS

Deliberate indifference to an inmate's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment rights of convicted prisoners and Fourteenth Amendment rights of pretrial detainees. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 570 (6th Cir. 2013). The "deliberate indifference" necessary to violate the constitution is a higher standard than negligence and requires that the official know of and disregard an excessive risk to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The subjective component of a deliberate indifference claim requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate

4

indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To establish the subjective component of this alleged violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). A defendant's state of mind is sufficiently culpable to satisfy the subjective component of an Eighth Amendment claim when it amounts to a reckless disregard of a substantial risk of serious harm; behavior that is merely negligent will not suffice. *Farmer*, 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment do not state an Eighth Amendment claim for cruel and unusual punishment. *See Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). To prevail under those circumstances, an inmate must establish that the treatment he received was "so woefully inadequate as to amount to no treatment at all." *Ruiz*, 72 F. App'x at 276 (quoting *Westlake*, 537 F.2d at 860 n.5).

Taking all of Plaintiff's allegations as true, as the Court must at this stage of litigation, he has alleged a serious medical need sufficient to survive initial review. Plaintiff does not

complain of ordinary headaches, but of chronic, excruciating headaches that blur his vision and appear to be causing neurological symptoms extending all the way to his feet. Those subjective complaints arguably establish a serious medical need on their own. *See Morrison v. Mamis*, No. 08 CIV 4302 PAC AJP, 2008 WL 5451639, at *8 (S.D.N.Y. Dec. 18, 2008), *report and recommendation adopted*, No. 08 CIV. 4302 PAC AJP, 2009 WL 2168845 (S.D.N.Y. July 20, 2009) (collecting cases and holding that "[d]epending upon the circumstances, . . . migraine headaches may qualify as 'serious medical needs' under the Eighth Amendment). But in this case that need appears also to have been recognized by a physician as mandating action when the August 8, 2017 Physician's Order was written for neurological intervention: "consult urgent." These allegations satisfy the objective prong of the Eighth Amendment analysis.

Plaintiff has also sufficiently alleged a knowing disregard of that need by several of the named Defendants. The potentially liable parties include anyone who was responsible for following through on the urgent consult ordered in August 2017 or for addressing Plaintiff's serious medical need through the prison sick call system since then. The Court construes Plaintiff's complaint to allege that those individuals are the named doctors at Morgan County and at SCCF: Defendants Higgs, Lane, Bush, and Soldo.

This is the rare case in which the Court also construes those potentially liable to include Warden Lindamood and Assistant Warden Bryant. Supervisory officials are often dismissed from deliberate indifference suits at this stage for lack of personal involvement in alleged violations; but Plaintiff expressly alleges that he repeatedly brought his need for help directly to the attention of SCCF's Warden and Associate Warden, and that they took no action to see that his needs were met. A "mere failure to act" is typically not enough to incur liability, *Hays v. Jefferson Cty.*, 668 F.2d 869, 873–74 (6th Cir. 1982), but the required "'active' behavior does

not mean 'active' in the sense that the supervisor must have physically put his hands on the injured party or even physically been present at the time of the constitutional violation." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016). At some point, even an 'inactive' supervisor crosses a line and has "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct" of their staff. *Id.* (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Plaintiff has alleged enough to merit further development to determine whether Defendants Lindamood and Bryant crossed that line in this case.

Plaintiff's demand for injunctive relief to diagnose and treat his medical condition is appropriately brought against a TDOC official in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."); *Quern v. Jordan*, 440 U.S. 332, 337 (1979) (holding that "a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law, even though such an injunction may have an ancillary effect on the state treasury"). Accordingly, Plaintiff's claim for injunctive relief may proceed against Defendant Parker in his official capacity as Commissioner of TDOC. The Commissioner is the most appropriate official-capacity Defendant in this case, because his authority reaches to any state prison in which Plaintiff might be housed at the time any relief is awarded. Official capacity claims against all other Defendants will be dismissed as redundant. *See* Fed. R. Civ. P. 12(f) (authorizing courts to strike any "redundant [or] immaterial" matter); *Jones v. Heyns*, No. 1:12-CV-1341, 2014 WL 1607621, at *3 (W.D. Mich. Apr. 22, 2014) ("Although the Court recognizes that most cases dismissing redundant official capacity claims involve claims against both the entity itself and

employees of the entity, courts also dismiss multiple official capacity claims in the prison context, allowing actions to proceed solely against a warden or director in his or her official capacity.")

However, the Court must dismiss Plaintiff's claim against TDOC itself. That claim amounts to a claim against the State, which is barred by the Eleventh Amendment regardless of the type of relief sought. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984). The Court must also dismiss Plaintiff's claim against CoreCivic. For a corporation to be liable under Section 1983, an inmate must prove that his injury was caused by an action taken pursuant to some official policy or custom. *Thomas v. Coble*, 55 F. App'x 748, 49 (6th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)); *see also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817 (6th Cir. 1996). Plaintiff does not allege that any CoreCivic policy has given rise to the alleged constitutional violations in his case, and he therefore fails to state a claim against it.

The Court will dismiss the claim against Dr. Wiley. According to the complaint, his sole involvement with Plaintiff's medical care was to discuss his condition with a representative of Disability Rights Tennessee and to convey that Plaintiff needed an urgent consult. That action does not reflect any deliberate indifference to Plaintiff's needs, and Plaintiff does not allege any further action or inaction by Dr. Wiley in his care. The Court will also dismiss Plaintiff's individual-capacity claims against Defendants Parker and Williams, because Plaintiff has not alleged any personal involvement by them in any constitutional violations as required by the standard explained above. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (requiring personal involvement in violation for liability under § 1983).

And finally, the Court will dismiss Plaintiff's claims against unnamed medical director

and doctors at SCCF and all of the John Does. Plaintiff does not mention those unnamed individuals in his recitation of facts, and the Court cannot find any actionable facts alleged against any unnamed individual in the complaint.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff states non-frivolous claims for deliberate indifference against Defendants Lindamood, Bryant, Soldo, Bush, Lane, and Higgs in their individual capacities. He may also proceed on his claim for injunctive relief against Defendant Parker in his official capacity. Process shall issue on those claims, and all others will be dismissed. An appropriate Order is filed herewith.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE